**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4821**

———————

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

SAMUEL COFIELD,

 Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (7:07-cr-00128-D-2)

———————

Submitted: June 3, 2010           Decided: July 1, 2010

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Cofield pled guilty to conspiring to knowingly and intentionally possess with intent to distribute and to distributing five kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Cofield to 213 months' imprisonment, and Cofield timely appealed. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which counsel concluded that there are no meritorious grounds for appeal. Cofield did not file a pro se supplemental brief, despite receiving notice of his right to do so. The Government elected not to file an answering brief, nor did it move to dismiss the appeal based on the waiver provision in Cofield's plea agreement.[*]

The purpose of the Fed. R. Crim. P. 11 colloquy is to ensure that the defendant enters the plea of guilty knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Prior to accepting a guilty plea, a trial court must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he

---

[*] Because the Government has not moved to dismiss the appeal, we decline to enforce the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

There is a strong presumption that a defendant's guilty plea is binding and voluntary if the Rule 11 hearing was adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Additionally, in the absence of a motion to withdraw a guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Rule 11. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Cofield] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Cofield satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Cofield has not presented any evidence or argument to demonstrate plain error. Indeed, the record reveals that the district court fully complied with the Rule 11 requirements during the plea colloquy, ensuring that Cofield's plea was

knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Cofield also attested during the hearing that he fully understood the ramifications of his guilty plea, and that no one made promises to him outside those made by the Government in his plea agreement. We conclude that Cofield's plea was knowing, voluntary, and supported by a sufficient factual basis. Accordingly, we affirm Cofield's conviction.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In addition, this court presumes a sentence within a properly determined advisory Guidelines range is substantively reasonable. See Rita v. United States, 551 U.S. 338 (2007); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Cofield's sentence is both procedurally and substantively reasonable. The district court properly calculated Cofield's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court based its sentence on its "individualized assessment" of the facts of

the case.  <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009).  Last, Cofield has not rebutted the presumption that his within-Guidelines sentence is presumptively reasonable.  Thus, the district court did not abuse its discretion in imposing the chosen sentence.

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment.  This court requires that counsel inform Cofield in writing of his right to petition the Supreme Court of the United States for further review.  If Cofield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Cofield.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>